

July 16, 2021

**VIA FOIA Online & Email - FOIARequests@cdc.gov**

CDC/ATSDR
Attn: FOIA Office, MS-D54
1600 Clifton Road, N.E.
Atlanta, GA 30333

**Freedom of Information Act Request: Information Regarding Flagging "disinformation" to Facebook administrators.**

Dear FOIA Officer:

America First Legal Foundation ("AFL") is a national, nonprofit organization working to promote the rule of law in the United States by preventing Executive Branch overreach, ensuring due process and equal protection for all Americans, and advancing public knowledge and understanding of individual rights guaranteed under the Constitution and laws of the United States. AFL's mission includes gathering official information, analyzing it, and disseminating it through reports, articles, press releases, emails, and/or through electronic media, including social media platforms. A core part of our educational mission is served by making public the partnership between the President and the agencies he directs, on the one hand, and social media and other corporate special interests, on the other, to control what American citizens are allowed to read, to see, and to say.

**I. Introduction**

Yesterday, White House Press Secretary Jen Psaki said "[i]n terms of actions . . . we've increased disinformation research and tracking. Within the Surgeon General's Office, we're flagging posts for Facebook that spread disinformation." She also said "those engagements typically happen through members of our senior staff."[1] This is an alarming admission—that the Biden Administration, at senior levels, is working with private corporations to censor speech that departs from the preferred narrative. The First Amendment does not permit the federal government to engage in content

---

[1] Ian Schwartz, *WH's Psaki: We're Flagging Problematic Posts for Facebook That Spread Disinformation*, REALCLEARPOLITICS, https://www.realclearpolitics.com/video/2021/07/15/psaki_were_flagging_problematic_posts_for_facebook_that_spread_disinformation.html (Jul. 15, 2021).

moderation and infringe on free speech rights of individuals by labeling speech it does not like as "disinformation" and using private corporations to take down anything with which the government disagrees. One might expect such interactions to occur in Cuba, or China—but not in the United States. But it appears as though that is exactly what the White House Press Secretary admitted is occurring on a regular basis.

The American people have a right to know who from the government is saying what, to whom, and for what reasons. A social media company taking down content with which it disagrees is a troubling practice, but a social media company doing so at the behest of the United States is a significant problem. Accordingly, AFL requests access to the following records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, within twenty business days.

## II. Requested Records

1. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes, of, regarding, referring, or relating to any efforts to flag COVID-19 or COVID-19 vaccine related "misinformation" or "disinformation" to any social media company, including but not limited to Facebook, Twitter, TikTok, Instagram, Snapchat, Reddit, YouTube, LinkedIn, Tumblr, and Pinterest. The timeframe for this request is January 20, 2021, to date the records request is processed.

2. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes sufficient to show any and all communications with any social media company, including but not limited to Facebook, Twitter, TikTok, Instagram, Snapchat, Reddit, YouTube, LinkedIn, Tumblr, and Pinterest, regarding any efforts to flag COVID-19 or COVID-19 vaccine related "misinformation" or "disinformation". The timeframe for this request is January 20, 2021, to date the records request is processed.

3. All records, including, but not limited to, communications with any email address for a White House office or individual serving in the White House, including those ending in "@who.eop.gov" or "@nsc.eop.gov" of, regarding, or relating to the "flagging" of "disinformation" to any social media company, including but not limited to Facebook, Twitter, Instagram, TikTok, Snapchat, Reddit, YouTube, LinkedIn, Tumblr, and Pinterest. The timeframe for this request is January 20, 2021, to date the records request is processed.

4. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes sufficient to show how CDC and/or the Administration will determine the veracity of any given post.

2

5. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes, sufficient to show who will decide what is "misinformation" and the basis on which they will make that determination.

6. All records, including, but not limited to, electronic mail, texts, memoranda, and handwritten notes, sufficient to show who will decide what is "disinformation" and the basis on which they will make that determination.

7. All communications with any email address ending in "@facebook.com". The timeframe for this request is January 20, 2021, to date the records request is processed.

8. All communications with any email address ending in "@twitter.com". The timeframe for this request is January 20, 2021, to date the records request is processed.

9. All communications with any email address ending in "@instagram.com". The timeframe for this request is January 20, 2021, to date the records request is processed.

10. All communications with any email address ending in "@youtube.com". The timeframe for this request is January 20, 2021, to date the records request is processed.

11. All records sufficient to show the identities of every natural or legal person engaged in "disinformation research and tracking" referenced by Ms. Psaki. The time frame for this request is January 20, 2021, to the date this records request is processed.

12. All records sufficient to show the identities of each of the "members of our senior staff" referenced by Ms. Psaki.

## III. Redactions

Redactions are disfavored as the FOIA's exemptions are exclusive and must be narrowly construed. *Am. Immigration Lawyers Ass 'n v. Exec. Office for Immigration Review (AILA)*, 830 F.3d 667, 676-79 (D.C. Cir. 2016). If a record contains information responsive to a FOIA request, then CDC must disclose the entire record; a single record cannot be split into responsive and non-responsive bits. *Id.; see also Parker v. United States DOJ*, 278 F. Supp. 3d 446, 451 (D.D.C. 2017). Consequently, CDC should produce email attachments.

In connection with this request, and to comply with your legal obligations:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics.

- In conducting your search, please construe the term "record" in the broadest possible sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek all records, including electronic records, audiotapes, videotapes, and photographs, as well as texts, letters, emails, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions.

- Our request includes any attachments to those records or other materials enclosed with a record when transmitted. If an email is responsive to our request, then our request includes all prior messages sent or received in that email chain, as well as any attachments.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA. It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; AFL has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to governmentwide requirements to manage agency information electronically, and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; you may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- If some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

4

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## IV. Request for Expedited Processing

Your regulations provide for the granting of expedited processing to requests that demonstrate a compelling need. Your regulations say you will process requests "on an expedited basis" whenever there is "an urgent need to inform the public about an actual or alleged Federal Government activity."[2] We are an organization engaged in gathering, analyzing, and disseminating information, and there is great urgency to inform the public concerning patently unlawful and inappropriate federal activity, namely that the White House appears to be colluding with or at least pressuring social media companies to censor content running counter to the White House's preferred political narrative. The fact that the White House Press Secretary just admitted to using social media companies to make an end run around the First Amendment has generated outrage and intense media interest. Also, the public has a compelling interest in the efficacy of federal COVID-19 policy. Given the strength of the public interest, and the strong possibility the public will have only a limited amount of time to express its opinions on this matter before those opinions themselves are deemed "disinformation" and censored, expedited processing is proper. Furthermore, this is a straightforward and simple document request that should take few resources to process.

## V. Fee Waiver Request

We request a waiver of all applicable fees. 5 U.S.C. § 552(a)(4)(A)(iii) provides that you shall furnish requested records without or at reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[3]

In this case, a fee waiver is appropriate because of the public's right to know whether their government is using social media companies as tools of the state to make an end run around the First Amendment. The public also has a right to know how the decision to attempt this was made, and by whom, as it could constitute an impeachable offense. To date, the information requested has not been released in any

---

[2] 45 C.F.R. § 5.27.
[3] 5 U.S.C. § 552(a)(4)(A)(iii); *see also Cause of Action v. Fed. Trade Comm'n*, 799 F.3d 1108, 1115-19 (D.C. Cir. 2015) (discussing proper application of public-interest fee waiver test).

5

form to the public; its release in response to this request will therefore contribute significantly to public understanding of the operations of the government.

In this case, AFL will make your records and your responses publicly available for the benefit of citizens, scholars, and others. The public's understanding of your internal policies and practices with respect the granting of regulatory waivers will be enhanced through AFL's analysis and publication of the requested records. As a nonprofit organization, AFL does not have a commercial purpose and the release of the information requested is not in AFL's financial interest.

## VI. Record Preservation Requirement

We request that the disclosure officer responsible for the processing of this request issue an immediate hold on all records responsive, or potentially responsive, to this request, so as to prevent their disposal until such time as a final determination has been issued on the request and any administrative remedies for appeal have been exhausted. It is unlawful for an agency to destroy or dispose of any record subject to a FOIA request.[4]

## VII. Production

To accelerate release of responsive records, AFL welcomes production on a rolling basis. Please provide responsive records in electronic format by email. Alternatively, please provide responsive records in native format or in PDF format on a USB drive. Please send any responsive records being transmitted by mail to America First Legal Foundation, 600 14th Street NW, 5th Floor, Washington, D.C. 20005.

## VIII. Conclusion

If you have any questions about how to construe this request for records or believe further discussions regarding search and processing would facilitate a more efficient production of records of interest to AFL, please do not hesitate to contact me at [FOIA@aflegal.org](FOIA@aflegal.org). Finally, if AFL's request for a fee waiver is not granted in full, please contact us immediately upon making that determination.

Thank you,

/s/ Gene Hamilton
Gene Hamilton
America First Legal Foundation

---

[4] *Chambers v. Dep't of the Interior*, 568 F.3d 998, 1004-05 (D.C. Cir. 2009) ("[A]n agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under the FOIA or the Privacy Act."); *Judicial Watch, Inc. v. Dep't of Commerce*, 34 F. Supp. 2d 28, 41-44 (D.D.C. 1998).

6